May it please the court. My name is Bradley J Hamburger and I represent Petitioner Raul Quijada Coronado. He's a 66 year old legal permanent resident who now faces removal removal to Mexico, a country left over 50 years ago as a result of an erroneous removability determination and a violation of his constitutional rights. I'd like to begin with the erroneous removability determination. There's no dispute that the state statute at issue here, California Health and Safety Code, Section 11377A, is categorically broader than the relevant federal statute because it prohibits a wider range of substances. The two disputed questions are, A, whether the court may continue the inquiry and apply the modified categorical approach here, and B, if so, whether the relevant documents in the record establish what substance Mr. Coronado pled guilty to possessing. The answer to both of these questions is no. The Supreme Court in DeKalb confirmed that the modified categorical approach only applies to the narrow range of cases involving a divisible statute. The court indicated that a divisible statute is one that lists alternative elements of distinct crimes. Yeah. Counsel, why isn't the listing of the schedules that make this statute divisible? Well, the court indicates that the mere listing of various things is not enough because there can be alternative means of satisfying a single indivisible set of elements. Justice Alito's dissent, which the majority responds to in footnote 2, points this out, that the mere fact that a statute lists something doesn't mean that those or whatever is listed has to be found by the jury, that there has to be agreement. The government cited in their Rule 28J – Give me an example. Use this statute and tell me why this statute is not divisible. I can give you an example. So the government in their Rule 28J letter cites a jury instruction, a model jury instruction, and they claim that that tells the judge to fill in a specific substance. Yeah, but we have a substance named. It's named in the count. We do have it in the name, named in the count. But I'm talking just about in general why this statute – I'll give you an example in the case law – why this particular substance isn't necessary to proving this offense. In People v. Markin, involving this exact same jury instruction, a possession offense under California law, the judge said two distinct substances, cocaine base, crack cocaine, and cocaine, to the jury. And it was unclear which substance the jury found. But because there was agreement – both of those substances are both controlled substances – because there was agreement among the jurors that it was either one or the other, it wasn't essential to prove a specific – Right. But that would be a problem here if count one said methamphetamine and then something else that wasn't on the controlled substances list for the United States. But it doesn't. It says meth. Well, but that's only in the indictment and in the information. Right. And the rest of the record is inconclusive. Now, the court – Now, did he plead guilty to count one? He pled guilty, but he didn't plead guilty as charged. And that's critical. In – But there was only one charge in the charging instrument. In other words, it wasn't a charging instrument that had different substances, some of which may not have been a controlled substance and some which are – it was one particular listed controlled substance that was charged, and he pled guilty to that one charge. How does the judge have to search and find out what other thing he might have been convicted of when it's clear what he actually pled guilty to? Well, I'd submit that it's not as clear as we might think. Part of the – Well, what else – what else could he have been pleading guilty to under this particular charging instrument? Well, under California law, there's a doctrine called the informal amendment doctrine, whereby the government can amend orally, and the court has recognized this in United States v. McGraw. Was there an amendment in this case? Well, we don't know, because the problem here is the record that the government had the burden to supply, it's inconclusive. There's no transcript of the plea colloquy, and all the other documents in the record, the plea agreement, the minutes, don't specify if the judge stated the particular substance. We don't know if the judge took an oath of office. We just assume that he did. I mean, we have one charge, and then he pled guilty to it, and then you've got these other speculative things that you say might have happened. Well, but it wasn't our burden to prove removability here. And so when the record is inconclusive, which I submit that it is here, because it is possible that the judge could have done at the plea colloquy. We don't know. Of course, we're speculating, because the government didn't put the transcript into the record. But we don't know if the judge didn't say any particular substance, which the case law suggests that might be permissible, because in People v. Martin, there were two different substances, and the Court said that didn't matter, the jury was correctly instruct on the essential elements of the offense. Counsel, how does our decision at Cabin Tech affect this case? Well, Cabin Tech was before Young v. Holder was decided, which was the en banc decision, which resolved a split in two lines of authority on this very issue. Whether or not you need to say – whether or not the defendant needs to say, as alleged or as charged in the information, or rather, if it's sufficient, just any guilty plea admits all of the facts. And I submit – But the facts in Young were distinguishable, weren't they, in the sense that the indictment or the complaint in Cabin Tech charged in the conjunctive? And so looking at the charging instrument alone wouldn't give an indication of which one the defendant admitted to when he entered his plea. Isn't that a pretty crucial distinction? I do not believe it is a crucial distinction, because Young was dealing with the much broader issue of what is the effect of a guilty plea? What is the – what does a defendant admit when there is a guilty plea? Of course, the narrow holding – you're completely correct – narrow holding in Young dealt with conjunctively phrased indictments, where it says, you know, two or three various things in and, which is not the situation we have here. I'll admit that. But if you look at the cases, the two lines of cases that are cited in Young, on one side of the line, you have some cases that do not involve conjunctively phrased indictments, and they say – or is one part of the line. The other line, you also have cases that are not conjunctively phrased. Young was not dealing with just conjunctively phrased indictments. And you can also tell this because of the broad language in the case. They cite Federal practice and procedure approvingly. They say the better rule is just generally an admission of only of those facts that are essential to the conviction. That is the effect of a guilty plea. Only those facts that are essential. And here, the specific substance that is alleged in the indictments here, in the information here, was not necessary, because another substance could have been sufficient. And for all we know, at the plea colloquy, Mr. Coronado may have gone – stood up there as counsel and said, you have it wrong, government. It wasn't meth. It was another controlled substance, perhaps one that isn't prohibited by Federal law, knowing the immigration consequences. And for all we know, that was a constituted – the government said, okay, we agree. There's an informal amendment. And based on the basis of that informal amendment, the – that is what the guilty plea was based on. But we just don't know here. And that is why, as charged in the indictment, it's critical. Just a – Okay. Counsel, if – if we thought that the guilty plea to this count was sufficient to establish that he pled guilty to using meth, or to possessing meth, does that satisfy the Controlled Substances Act? Does that – does that satisfy the Federal – the Federal element? I believe so, but – but I don't think we even get there, because in order to even look at the documents, the Shepard and the Taylor documents, you have to be applying the modified categorical approach. And as the – the camp, you know, indicates, it only applies in a narrow range of cases, those where the statute is actually divisible. And – and looking at California law, the People v. Martin case that I referenced, and – and also looking at the inconclusive record here, we can't tell whether it's even appropriate to apply the modified categorical approach. So the inquiry should just end at the – at the categorical stage, and we shouldn't go any further. We shouldn't look at any of the documents. I'd like to reserve the balance of my time. You may do so. Thank you. May it please the Court. My name is Jessica Molloy, and I'm for representing the United States Attorney General in this matter. Your Honors, the Court lacks jurisdiction over this review petition for two reasons. First, because Coronado isn't admissible for committing a controlled substance offense. This is evidenced by two convictions for possession of methamphetamine, and of a divisible statute. And the modified categorical analysis does demonstrate that this was a methamphetamine and controlled substance abuse violation. And second, because Coronado's application for cancellation of removal was denied purely as a matter of discretion, and that is wholly unrevealable by the Court. Beginning first with the controlled substance offense, Mr. Coronado was convicted twice under a divisible statute, 11-377. The Supreme Court's recent decision in Duskamp is actually very helpful in this case, as it defines what is a divisible statute. And it defines it as a statute who has multiple alternative versions of a crime. And they even provided a – an example showing that when you have a statute which criminalizes assault with a finite list of eight listed weapons, that is a divisible statute. There's a finite list, just like in this case. We have an example where it criminalizes the possession of a finite list of controlled substances. It does so in a list. Now, the key elements in Duskamp were, was there an assault? And what of those eight weapons was used? Likewise, the key element here is, was there possession? And which controlled substance was used? And – Does it matter in the divisibility analysis that under California law, the substance does not have to be proven? So you've got potential scenarios where the actual substance, for example, was contested by the petitioner, and there's no unanimity reached by the jury because the substance was contested. So you can still be convicted of that charge, even though the jury never agreed unanimously that, for example, methamphetamine was, in fact, the substance charged. Well, a couple of issues. One, this did not go to the jury. This was a case where the individual pled guilt. No. I understand that. But – but part of what Descant was talking about in its element-centric approach was the certainty that if it's charged with a particular substance, the jury would then be instructed that that's the substance possessed, and then you could have some confidence that there was jury unanimity with regard to the substance. But under California law, you don't have to have jury unanimity with regard to that. Now, that's the scenario in which the charge defendants actually proceed to trial. And then, of course, the plea situation, which is the bulk of the way that criminal cases are resolved, then presents slightly different issues. But can you – can you tell me whether it makes a difference that that's the state of California law? I wouldn't say that it does at this stage. One, because as – as the Supreme Court decided on page 17 explaining that, referencing to the jury instructions that in these types of divisible statutes that are – provide alternative versions of the crime, that it's actually required to list which version was used, in this case, methamphetamine, or in the weapons context, a gun. But this goes to the concern that was raised in the dissenting opinion, which was addressed by the Supreme Court in footnote 2, saying that there's really no real distinction between the means and the – the element, because ultimately, the Supreme Court said when it has – when you have a statute with alternative versions, those alternative versions are alternative elements on page 7 of the Supreme Court's decision in Descamps. And so in this case, it – it wouldn't matter, because we have a clearly divisible statute under the Supreme Court's most recent definition of what is a divisible statute, and we have then to look at the statute to determine which alternative element was this individual doing in order to be convicted under 11-377 twice for possessing meth, methamphetamine. As this is a divisible statute, Your Honor, we then go to an examination of whether or not the modified categorical approach was properly used. And first, this wasn't contested before the Board or before the Court before Descamps that the modified categorical approach shouldn't be used. In any event, the conviction records read in tandem with the complaint sufficiently demonstrate that this individual, Mr. Coronado, did plead guilty to possessing methamphetamine. For the 2006 conviction, we have a – an electronic – an electronic docket which actually says he pleaded guilty to count one. And then, according to Kavantech, we can look at count one to see what is listed. It's not conjunctively phrased. It clearly states he pleaded guilty to possessing methamphetamine. Likewise, for the 2010 conviction, we have two documents in the record of conviction. First, we have the minutes of the change of plea saying he pleaded guilty to count one. And two, we have the plea guilty form saying he pled guilty to count one. Then, again, we look back at count one in the indictment in that case. And it states that he was pleading guilty to possession of methamphetamine. Now – Can you address counsel's point that there is informal – an informal amendment doctrine and that sometimes during the course of a change of plea, amendments are made that may not be reflected in the document? Should that be the government's The burden of establishing an admissibility for a lawful permanent resident is on the government, Your Honors. Now, whether or not this hypothetical exists on this record, it's clear it does not. First, because it would indicate if there was some sort of amendment to the guilty charge, or he would have an incentive to indicating  an amendment made, that he wasn't pleading guilty to methamphetamine. But he didn't. He pled guilty to count one, which stated he was pleading guilty to possessing methamphetamine. Now – If that argument was a good argument, then it wouldn't make any difference whether the statute was divisible or not divisible, wouldn't it? Because you could always say, let's take a statute that is clearly divisible, and you say, well, the that there wasn't an amendment. So all the body of law that we have on divisible, we would now have to say, you can look at the minutes and whatever, but the government also has to prove, even though it can show that this is the one, that they can't rely on it because there was a possibility not shown in the record that there could have been an amendment. Yes, Your Honor. And boy, I mean, it just seems like that would be a very, very broad doctrine. Because it would cut across even divisible statutes. Yes, Your Honor. I would agree. And so just to discuss Young briefly, there was a subsequent decision which had discussed Valdivino's Torres saying that Young is an apposite when there's not a conjunctively phrased charging document. The Petitioner raised a couple of other arguments that the BIA didn't seem to have addressed. Can you quickly address why that would not warrant a remand in this case? Yes, Your Honor. Regarding the denial of cancellation of removal preliminarily, there's no jurisdiction over that denial, as it was solely on the basis of discretion. Now, the remaining issues where the Petitioner is trying to restore this Court's jurisdiction with due process and equal protection charge claims and also an ineffective assistance of counsel claim, quickly, the due process and equal protection claims, he's cloaking an abuse of discretion argument under constitutional terms. Because he's really ultimately challenging the weighing of the discretionary factors. So that does not restore the Court's jurisdiction. No, I agree with you that jurisdiction's a problem, but we also have fairly clear case law that the BIA is not free to just ignore arguments that were raised below. And he did raise arguments below that weren't addressed by the BIA. Now, normally, if that's the case, we remand for the BIA to consider those issues in the first instance. So why wouldn't that be the result with regard to those issues in this case? Taking each issue in turn, regarding the ineffective assistance of counsel claim, it's our contention that that was actually not exhausted below. In an examination of the record and even the reprieve brief, it's necessary to insert the term attorney into the arguments he made to the Board to make sense of his claims. He's saying things like Petitioner's lack of research, Petitioner's refusal to review after his brief, and in an attachment he alluded to brief, to his brief, did he first reference ineffective assistance of counsel. And he just makes a statement that based on his ineffective assistance of counsel, his motion to reopen should be granted. Now, one, it wasn't a motion to reopen because he successfully filed a timely appeal of the IJ's decision. But two, he doesn't raise the issues that are actually raised in this brief to the Board. He doesn't say, my counsel was ineffective, as he didn't bring out the positive facts in the record, which was something he raised in his brief to the Court for the first time. What about the complaint that his due process rights were violated because the IJ failed to act as a neutral fact finder and took on the role of an advocate by aggressively cross-examining him? Regarding that issue, the footnote on page 1 of the Board's decision does state that he characterizes this as a motion to reopen, and it's unnecessary to address it as such, because they're going to review the decision on the merits, and they review the discretionary weighing of the factors de novo. So that really was taken care of. And in any event, the IJ's discretionary determinations or any perceived discrimination by the IJ is not before the Court. It's beyond the scope of this decision. The Board issued its own decision. Are you concerned about the equal protection claim? Oh, I apologize. I see that my time is up. If there are no further questions. Thank you very much. Thank you. Mr. Amburger, you have some time reserved. Briefly, Your Honors. I want to address a couple points. First, a list is not enough. And we know that for the exact reason that Judge Wynn stated, that there under California law, there doesn't have to be juror agreement as to the specific substance. Now, I also want to address the point that this would be a broad rule, and that would be very easy for large numbers of aliens to potentially use this as an escape hatch. That's not true. The government, you know, admits that they have the burden. And all that they needed to do was put the plea colloquy, the transcript, in the record. They failed to do that. If we had the transcript. Do we know that there was a plea colloquy? We don't know. Because the government failed to, you know, provide it. I have no way to know. Is there a burden? They admit that it's their burden. In most cases, there is, because the judge has to confirm the factual basis of the plea. Something happened. Well, I'm kind of — whether there was a colloquy is different from the question as to whether there's a transcript. I don't know if in a broad number of cases under California procedure, there are usually transcripts. Are you asking us to adopt a rule that if a transcript is not provided, that the government is not satisfied its burden? No, because it also — the burden can also be satisfied if the defendant pled guilty as charged, even if there was no plea colloquy. The problem is, we just don't know. If they'd added the words, as charged, then your client would not — because those words were left out, then the burden — Yes, and I know it sounds like a technicality, but the camp, you know, indicates that the whole idea of the categorical approach in Taylor and Shepard is to have a narrow frame of reference. And unfortunately, for better or worse, Congress has decided, and the Supreme Court has decided, that that is the rule, regardless. Quickly, on the constitutional arguments, we — two of the arguments about I.J. and counsel were fully briefed in our brief. The petitioner was pro se below. This Court liberally construes those complaints. And our equal protection argument is a challenge to the BIA's decision, not the I.J.'s decision. And it couldn't have been raised below. And we believe that this Court can reach that argument in the first instance. But at minimum, remand is necessary. And one final point, if Your Honors have it. There is some conflict within the circuit on this issue, the cabinet tank, the Valentinos-Torres case, and Young. I submit that if the Court believes that the decisions are in conflict, that the appropriate approach in this Court's procedures is to call for en banc review, because this split just cannot be reconciled. There are en banc petitions pending in cabinet tanks in about eight months, and as well as in Valentinos-Torres, raising these precise issues about the effect of a guilty plea. Thank you, Your Honors. Thank you, Mr. Hamburger. We thank both counsel for the argument. And, Mr. Hamburger, we also acknowledge your pro bono service to the Court, and appreciate you and your firm for assisting us. The court now, versus Holder, is submitted. The next case for decision is United States versus Rodriguez.
judges: Benavides, Bybee, Nguyen